# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| PATRICIA MORRISON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | 2:08-cr-00067-DBH-4 |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent | ) ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 and 18 U.S.C. § 3582 MOTION**

In this action, Petitioner Patricia Morrison filed a motion pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582. (Motion, ECF No. 358.) Through her motion, Petitioner asserts four grounds for relief: (1) that Petitioner's plea was not knowing and voluntary, due to her drug addiction issues at the time; (2) that Petitioner received ineffective assistance of counsel with respect to the indictment, the plea, and sentencing; (3) that *Alleyne v. United States*, 133 S. Ct. 2151 (2013) is retroactively applicable to Petitioner's sentence and requires that the drug quantities that impacted the sentence be found by a jury; (4) and that Petitioner's sentence should be reduced because she has undergone rehabilitation. The Government requests a summary dismissal of Petitioner's motion. (Response, ECF No. 370.)

After a review of Petitioner's motion, the Government's request for dismissal, and Petitioner's response to the Government's request, the recommendation is that the Court grant the Government's request, and dismiss Petitioner's motion.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted on three counts of an eight-count indictment involving five defendants. In Count one, which is the only count on which Petitioner was convicted, the

Government charged that between December 2006 and February 2008, Petitioner and four other defendants conspired to distribute and possess with intent to distribute 50 grams or more of cocaine base.[1] (Second Superseding Indictment, ECF No. 12 at 1.) The Court accepted Petitioner's guilty plea at a change-of-plea hearing in December 2008; there was no plea agreement. (Fed. R. Crim. P. 11 (Rule 11) Tr., ECF No. 366 at 13, 16.) At sentencing, Petitioner did not contest the Court's determination that the guideline range was 292 to 365 months in prison. The Court sentenced Petitioner in April 2009 to a term of 180 months, followed by five years of supervised release. (Sentencing Tr., ECF No. 367 at 39; Judgment, ECF No. 238 at 2-3.) The other two counts against Petitioner were dismissed on the Government's motion. (*Id.* at 1.) Petitioner did not appeal.

Petitioner filed three pro se post-conviction motions before filing the pending motion. The first two were filed on the same date in May 2013, and requested (1) a reduction in the sentence, pursuant to the retroactive 2010 Fair Sentencing Act amendments to the crack cocaine guidelines; and (2) a review of Petitioner's sentence pursuant to a case entitled "*Simmons v. U.S.*" for which Petitioner did not provide a citation. (Motions, ECF Nos. 349, 350.) The Court denied both motions, concluding that (1) the guideline amendments would not benefit Petitioner because her total offense level and guideline sentencing range remained the same after the sentencing amendments; and (2) the case that Petitioner probably intended to cite, *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), was not applicable because *Simmons* pertained to career offenders, but Petitioner was not sentenced as a career offender. (Order, ECF No. 351.)

In July 2013, Petitioner filed a third motion for a sentence reduction, in which motion she asked the Court to remove the gun enhancement that applied when she was sentenced in 2009. (Motion, ECF No. 354.) The Court determined that it had "no authority to remove the

---

[1] Cocaine base is also known as crack cocaine.

enhancement or reduce her sentence" under either Fed. R. Crim. P. 35 or 18 U.S.C. § 3582(c), and denied the motion. (Order, ECF No. 355.)

Petitioner signed the pending motion on November 4, 2013, and it was filed on November 7, 2013.

## II. DISCUSSION

### A. Standard of review

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994). Here, given that Petitioner alleges ineffective assistance of counsel, and given that Petitioner's right to counsel is guaranteed by the Sixth Amendment, Petitioner essentially argues that the sentence was imposed in violation of "the Constitution or laws of the United States."

A section 2255 petitioner has the burden to establish by a preponderance of the evidence that he or she is entitled to relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A habeas petition is not a substitute for an appeal. *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can

demonstrate cause for the failure and prejudice or actual innocence." *Id.* at 127-28. An allegation of ineffective assistance of counsel can excuse a procedural default, but only if the petitioner demonstrates that counsel's representation fell below an objective standard of reasonableness and prejudiced the petitioner's defense. *Owens v. United States*, 483 F.3d 48, 63 (1st Cir. 2007). Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010).

To succeed on a claim of ineffective assistance of counsel, a petitioner "must establish both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The two prongs of the ineffective assistance test are commonly referred to as the "cause" and "actual prejudice" tests. *Bucci v. United States*, 662 F.3d 18, 29 (1st Cir. 2011). A district court reviewing such claims need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Strickland*, 466 U.S. at 697.

As for the "cause" test, the court must be "'fairly tolerant'" of counsel's performance because the Constitution does not guarantee a perfect defense. *Moreno-Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012) (quoting *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994)). The issue is whether counsel's performance was "'within the wide range of reasonable professional assistance' that a competent criminal defense counsel could provide under 'prevailing professional norms.'" *Bucci*, 662 F.3d at 30 (quoting *Strickland*, 446 U.S. at 688-89). "Judicial scrutiny of the defense counsel's performance is 'highly deferential,' and the defendant must overcome a 'strong presumption . . . that, under the circumstances, the challenged action "might be considered sound

4

trial strategy.'"'" *Id.* (quoting *Strickland*, 446 U.S. at 689). The "actual prejudice" test requires a showing "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)). In determining whether an evidentiary hearing is required, the court must "take as true the sworn allegations of fact set forth in the petition 'unless those allegations are merely conclusory, contradicted by the record, or inherently incredible.'" *Owens*, 483 F.3d at 56 (quoting *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002)). Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

   B. **Grounds Asserted and Analysis**

   1. **Request for a sentence reduction pursuant to 18 U.S.C. §3582**

Petitioner seeks a modification of her sentence pursuant to 18 U.S.C. §3582. Her request is focused on the two-level gun enhancement and the three-level managerial enhancement. (Motion at 3; Sentencing Tr., ECF No. 367 at 39.) Petitioner previously moved for a sentence reduction based on the gun enhancement issue, and based on Petitioner's post-conviction rehabilitation. The Court denied the motion. The issue of the gun enhancement thus has been decided and, therefore, is barred by the law-of-the-case doctrine. *See United States v. Henry*, 519

5

F.3d 68, 76 (1st Cir. 2008) (holding that an issue decided on summary disposition could not be relitigated in a later stage of the litigation).

Petitioner's other arguments in favor of a sentencing modification are governed by section 3582(c), which provides that "[t]he court may not modify a term of imprisonment once it has been imposed." The statute provides for three exceptions. The first exception is when the Bureau of Prisons moves to reduce the term of imprisonment and certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A). The Bureau of Prisons has not moved for a sentence reduction in this case.

The second exception permits the Court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See id.* § 3582(c)(1)(B). This exception does not apply here because Petitioner does not cite to any such statute, and the factual record does not suggest that any such statutory relief is available.[2] Fed. R. Crim. P. 35 is also inapplicable; Rule 35(a) applies to clerical errors found within seven days after sentencing,[3] and Rule 35(b) applies when the Government moves for a sentencing reduction based on the defendant's "substantial assistance in investigating or prosecuting another person." The Government did not move for a sentencing reduction based on Petitioner's substantial assistance. In fact, Petitioner attached to her motion a letter from counsel to her stating that she did not cooperate with the Government. (Letter, ECF No. 359 at 2.)

The third exception applies when the sentencing range has been lowered by the Sentencing Commission. *See id.* § 3582(c)(2).[4] To the extent that Petitioner's motion contains a request

---

[2] This Court has already ruled, in response to one of Petitioner's prior motions, that the 2010 Fair Sentencing Act amendments to the crack cocaine guidelines do not provide any relief in this case. (Order, ECF No. 351 at 1.)

[3] At the time of Petitioner's sentencing, Fed. R. Crim. P. 35(a) provided a seven-day deadline for correcting a sentence for clerical errors. Rule 35 has since been amended to provide a fourteen-day deadline. Fed. R. Crim. P. 35, Advisory Committee Notes to the 2009 Amendments.

[4] Title 18 U.S.C. § 3582(c)(2) provides:

pursuant to section 3582(c)(2), based on amended sentencing guidelines, that request is premature because the amendments are not yet in effect. If those amendments, promulgated pursuant to 28 U.S.C. § 994, go into effect on November 1, 2014, pursuant to 28 U.S.C. § 994(p), Plaintiff might have the opportunity to seek a modification in accordance with any applicable amendment, pursuant to 18 U.S.C. § 3582(c)(2).[5]

Section 3582 does not provide this Court with authority to grant Petitioner's remaining requests, i.e., the request that the Court reduce her sentence by eliminating the managerial enhancement, and that it reduce her sentence based on her rehabilitation. (Motion at 3-4; Attachments, ECF Nos. 358-1, 377, 377-1.) Neither of these arguments falls within the three exceptions explained above.

In short, therefore, Petitioner is not entitled to relief under § 3582.

**2. Claims pursuant to 28 U.S.C. §2255**

   **a. Timeliness of the section 2255 motion**

Petitioner's motion asks the Court to "[v]acate, set aside and or remand" her sentence, pursuant to 28 U.S.C. § 2255. A section 2255 motion is subject to a one-year limitations period, pursuant to section 2255(f), which states:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>   **(1)** the date on which the judgment of conviction becomes final;

---

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[5] This recommended decision expresses no opinion about whether any amendment may be applicable or about the merits of any such request Petitioner may seek. It is recommended that the Court dismiss without prejudice Petitioner's request for a sentencing reduction to the extent that request is based on the recent amendments to the sentencing guidelines.

7

(**2**) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(**3**) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(**4**) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's motion was not filed timely under section 2255(f). Petitioner did not satisfy the requirements of subsection 2255(f)(1) because she filed the motion more than a year after the judgment of conviction became final; in fact, Petitioner acknowledges that she did not file within one year of the date on which the judgment became final. (Motion at 2.)[6] Subsection 2255(f)(2) is not applicable because Petitioner has not presented any facts to suggest that the Government caused an impediment that precluded her from timely filing the motion. Subsection 2255(f)(4) is also inapplicable because Petitioner does not assert newly-discovered facts as a basis for the motion.

The remaining issue is whether the Court can consider Petitioner's motion under subsection 2255(f)(3). Petitioner argues that the recent Supreme Court case of *Alleyne* grants Petitioner a Sixth Amendment right to a jury trial on all of the facts used to determine her sentence. She claims

---

[6] Currently, when a defendant does not file a direct appeal of the conviction or sentence, the judgment becomes final fourteen days after the judgment of conviction was entered. *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . (i) the entry of either the judgment or order being appealed[.]"). *See McKoy v. United States*, Nos. 2:09-cr-00056-DBH-1, 2:12-cv-00347-DBH, 2013 WL 530470, at *1, 2013 U.S. Dist. Lexis 19366, at *2-3 (D. Me. Jan. 4, 2013) (recommended decision, adopted Feb. 12, 2013). The Court entered judgment on April 24, 2009. The judgment was final ten days later, pursuant to the then-applicable version of Fed. R. App. P. 4, and the one-year deadline, pursuant to section 2255(f)(1), expired one year after the judgment became final. Petitioner did not file her section 2255 motion until November 2013, i.e., long after the one-year deadline had passed. Pursuant to 18 U.S.C. § 3582(b), Petitioner's judgment was final, notwithstanding her post-conviction requests for sentencing reductions, and therefore her prior motions under section 3582 did not toll the one-year limitations period set forth in section 2255(f).

that her right to a jury trial was violated because the drug quantity and the gun enhancement findings were based on the court's sentencing findings rather than a jury's findings. (Motion at 4.)

If *Alleyne* applied, Petitioner's motion would have been timely filed, pursuant to section 2255(f)(3), because the motion was filed within one year of the June 2013 decision in *Alleyne*. *Alleyne*, however, does not apply to the facts of this case.

In *Alleyne*, the Supreme Court "extended the rule requiring a jury to find, beyond a reasonable doubt, any fact that increases a *maximum* statutory penalty to any fact that requires imposing a statutory *minimum* penalty." *United States v. Doe*, 741 F.3d 217, 233 (1st Cir. 2013) (emphasis added) (citing *Alleyne*, 133 S. Ct. at 2160). Here, the sentence imposed on Petitioner was based on sentencing guideline considerations. *See United States v. Ramírez-Negrón*, 751 F.3d 42, 48 (1st Cir. 2014) ("[F]actual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in *Alleyne*.")[7] The statutory minimum was triggered not by facts proven by a preponderance of the evidence at sentencing, but rather by Petitioner's conviction of the drug quantity charged in the indictment. (Second Superseding Indictment at 1.)[8]

---

[7] The First Circuit commented in *United States v. Doe*, 741 F.3d 217, 234 (1st Cir. 2013) (quoting *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013)):

> [A]s the Supreme Court went to great lengths to point out, there remains a place for "judicial factfinding" at sentencing, even in the post-*Alleyne* world. As the Court explicitly told us, judicial factfinding is still permissible "within the range authorized by law." The import of all this is that it remains within the sentencing court's discretion to judicially find facts informing the sentence actually imposed, provided that any such fact does not trigger a mandatory minimum punishment or alter a statutory maximum, and that the ultimate sentence remains within the range of penalties set forth in the statute of conviction. In such a situation, *Alleyne* does not apply, and the sentencing court may continue to find facts based upon a preponderance of the evidence.

[8] The statutory minimum penalty of ten years of imprisonment for 50 grams or more of cocaine base was the penalty from the time of the crimes as alleged in the indictment through the date of sentencing on April 24, 2009. *See* 21

In addition, the First Circuit has held that when the drug quantity that prompts a mandatory minimum term of imprisonment is admitted as part of a guilty plea, *Alleyne* does not apply. *See Ramírez-Negrón*, 751 F.3d at 44 (holding that there is no *Alleyne* error when "all elements of the defendants' crimes of conviction . . . were admitted as part of the guilty pleas"). In the plea colloquy, Petitioner told the Court that she understood that the charge on count one involved 50 grams or more, and she pled guilty to that drug quantity. (Rule 11 Tr. at 8, 12-13; Government's Version, ECF No. 156 at 3.) Petitioner thus admitted to the drug quantity that resulted in the statutory mandatory minimum at her plea hearing, and she admitted the accuracy of the revised presentence investigation report at her sentencing. She may not now dispute those facts. *See United States v. Booker*, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); *United States v. Wilson*, 185 Fed. App'x 6, 8 (1st Cir. 2006) (per curiam). *Alleyne*, therefore, does not assist Petitioner even though the Court found as a fact at sentencing that Petitioner was responsible for 2.97 kilograms, i.e., an amount that was based on the undisputed revised presentence investigation report but that was in excess of the minimum of 50 grams alleged in the indictment. (Sentencing Tr., ECF No. 367 at 4-5, 39.)[9] For purposes of the *Alleyne* analysis,

---

U.S.C. § 841(b)(1)(A)(iii). The Fair Sentencing Act of 2010 amended subsection 841(b)(1)(A)(iii) to increase the triggering quantity for a ten-year mandatory term from 50 grams to 280 grams. That amendment went into effect on August 3, 2010, i.e., after Petitioner was sentenced, and the statute is not retroactive. *See* Fair Sentencing Act of 2010, P.L. 111–220, § 2(a)(1), 124 Stat. 2372; *United States v. Santos-Rivera*, 726 F.3d 17, 28 (1st Cir. 2013); *United States v. Goncalves*, 642 F.3d 245, 252-55 (1st Cir.), *cert denied*, 132 S. Ct. 596 (2011); *United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013), *cert denied*, 134 S. Ct. 1779 (2014). The amendment is therefore inapplicable to Petitioner's sentence.

[9] "In sentencing matters, presentence reports are normally considered reliable sources of information, upon which sentencing courts may rely, as are court records. That is to say, courts can, and do, commonly take as true facts stated in presentence reports *when they are not challenged*." *United States v. Wilkinson*, 926 F.2d 22, 28-29 (1st Cir. 1991) (emphasis in original). *See also Lombardi v. United States*, 48 F.3d 1211 (1st Cir. 1995) (per curiam) (unpublished) ("[T]he district court was warranted in accepting as true all facts appearing in the [presentence report] to which no objection had been voiced."). It so happens that Petitioner did not contest the revised presentence investigation report.

the relevant fact is that the drug quantity upon which Petitioner entered the plea and to which quantity she admitted was within the range of ten years to life that was authorized under the version of 21 U.S.C. § 841(b)(1)(A) then in effect.

Finally, even if *Alleyne* was in some way applicable to the facts of this case, the First Circuit has applied *Alleyne* retroactively only in cases that were "'pending on direct review or not yet final . . . .'" *United States v. Delgado-Marrero*, 744 F.3d 167, 185 (1st Cir. 2014) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).[10] Petitioner did not appeal the conviction, and thus there was no direct review and the case was final when *Alleyne* was decided in June 2013. *Alleyne*, therefore, would not apply to this case even if it were otherwise relevant.[11]

## Conclusion

Based on the foregoing analysis, no evidentiary hearing is warranted under Rule 8 of the Rules Governing Section 2255 Cases. It is recommended that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255 and deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2). It is recommended that the Court deny Petitioner's

---

(Sentencing Tr., ECF No. 367 at 4-5.) However, that need not have been the case; contested facts may be resolved by the sentencing court by a preponderance of the evidence, as long as those facts do not trigger a statutory minimum or increase a statutory maximum. *See Doe*, 741 F.3d at 234.

[10] "Moreover, this District has concluded, subject to review by the First Circuit, that *Alleyne* is not retroactive." *See United States v. Whalen*, 2014 WL 1584206, at *5 n.2, 2014 U.S. Dist. Lexis 54788, at 14-15 n.2 (D. Me. Apr. 21, 2014) (collecting cases).

[11] Because Petitioner did not timely file a section 2255 motion, the Court need not reach the merits of the motion. However, a review of the record establishes that Petitioner's motion lacks merit. The plea transcript shows that the Court found, after engaging in an extended colloquy with Petitioner, that she entered her plea knowingly and voluntarily, that she understood the rights that she would forego by pleading guilty, and that there was a factual basis for the plea. (Rule 11 Tr. at 15-16.) It is not clear whether Petitioner alleges "actual innocence" of the narcotics charge to which she pled guilty. (Motion at 3.) *See Berthoff v. United States*, 308 F.3d 124, 127-28 (1st Cir. 2002). If Petitioner intended to make such an assertion, the record contains no factual basis to support it. (Rule 11 Tr. at 12-13.) Petitioner's claim of ineffective assistance of counsel also has no merit; she asserts no record-supported facts that suggest deficient performance by counsel or prejudice to her arising from either the plea or the sentencing. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).

request for a sentence reduction under 18 U.S.C. § 3582. It is also recommended that to the limited extent that Petitioner's section 3582 motion is based on amended sentencing guidelines that are not yet in effect, the Court deny the motion without prejudice. As to all other claims under either 28 U.S.C. §2255 or 18 U.S.C. § 3582, it is recommended that the Court deny Petitioner's motion with prejudice.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of August, 2014.